# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 16, 2011

Lyle W. Cayce
Clerk

No. 10-50902
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO RIVERA-JURADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-485-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Guillermo Rivera-Jurado appeals the 57-month term of imprisonment imposed for his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b)(1) by attempting to enter the United States without permission, following a prior removal. He argues that his sentence, which fell within his advisory sentencing guidelines range, is substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). He contends that a shorter sentence was warranted because U.S.S.G. § 2L1.2, the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline applicable to violations of § 1326, gave too much weight to his prior convictions and allowed for the enhancement of his sentence based on a remote offense. He also contends that his sentence does not account for his cultural assimilation, the mitigating reasons for his attempted illegal reentry, and his reduced likelihood of recidivism. Finally, he argues that the district court should have imposed a variance to avoid an unwarranted sentencing disparity between defendants sentenced in districts that do not have a fast-track program, and defendants sentenced in districts that do have fast-track programs.

Citing *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), Rivera-Jurado contends that his sentence should not be accorded an appellate presumption of reasonableness because § 2L1.2 is not empirically based. However, Rivera-Jurado concedes that his challenge to the presumption of reasonableness is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also* § 2L1.2, comment. (n.6).

Before imposing Rivera-Jurado's sentence, the district court judge considered the advisory sentencing guidelines range, the information in Rivera-Jurado's presentence report, and the § 3553(a) factors. The judge also considered the arguments presented at sentencing and determined that a guideline sentence would be appropriate. As Rivera-Jurado acknowledges, the district court was precluded by this court's precedent from granting a variance based on any disparity between sentences imposed in non-fast-track and fast-track districts. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008). Rivera-Jurado's arguments do not establish that the district court abused its discretion in imposing that sentence, or, consequently, that the within-guidelines sentence is unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.